IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 25-cv-03413-PAB-CYC

BRENT CULLISON, Derivatively on Behalf of Quantum Corporation,
Plaintiff,

v.

JAMES L. LERNER, et al.,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs [Docket No. 9], filed by plaintiffs Brent Cullison and Felicia Marti, who is the plaintiff in the case *Marti v. Lerner*, 25-cv-03524-PAB-CYC ("Marti"). Plaintiffs move to consolidate this case with *Marti* and move for the appointment of Co-Lead Counsel. *See* Docket No. 9 at 1-2. Defendants agree to consolidation and take no position on the appointment of Co-Lead Counsel. *See id.* at 2.

**A. Motion to Consolidate**

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be

dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiffs assert that this case and *Marti* "challenge substantially similar alleged conduct and involve overlapping questions of law and fact." Docket No. 9 at 4. In this case, plaintiff, derivatively on behalf of Quantum Corporation ("Quantum"), assert claims for breach of fiduciary duties, gross mismanagement, waste of corporate assets, and unjust enrichment against defendants, who are current and former officers and directors of Quantum. Docket No. 1 at 3-5, 27-30; *see also* Docket No. 9 at 2-4. Plaintiff alleges that defendants made misleading representations regarding Quantum's revenue recognition practices between November 15, 2024 and August 18, 2025. Docket No. 1 at 5-10; *see also* Docket No. 9 at 4.

In *Marti*, Ms. Marti, derivatively on behalf of Quantum, brings claims against current and former officers and directors of Quantum arising out of the defendants' allegedly misleading representations between November 14, 2024 and August 18, 2025.[1] *See Marti*, Docket No. 1 at 6-12, 23-29. Ms. Marti, like plaintiff in this case, asserts claims for breach of fiduciary duties, gross mismanagement, waste of corporate

---

[1] In this case and *Marti*, plaintiffs named James J. Lerner, Kenneth P. Gianella, Larua Nash, John Fichthorn, Donald J. Jaworski, Hugues Meyrath, John R. Tracy, and Emily White as defendants, with Quantum named as a nominal defendant. Docket No. 1 at 3-5; *Marti*, Docket No. 1 at 1. In this case, plaintiff named James C. Clancy and Tony J. Blevins as additional defendants. Docket No. 1 at 3-5.

assets, and unjust enrichment. *Id.* at 38-40, 41-42. Additionally, Ms. Marti asserts claims for violations of Sections 14(a), 10(b), and 21D of the Securities Exchange Act and for abuse of control. *Id.* at 37-38, 40-41, 42-43.

The Court finds that, despite there being minor differences in the claims and named defendants, both lawsuits involve overlapping legal and factual questions, which warrants consolidation. *See Kayten on behalf of Molycorp, Inc. v. Bhappu*, No. 13-cv-3155-WJM-CBS, 2013 WL 6499057, at *1 (D. Colo. Dec. 11, 2013) ("consolidation of shareholder derivative cases such as this is common where there are overlapping claims and defendants"). As a result, consolidation would promote judicial economy. Moreover, the efficiency benefits of consolidation also outweigh any possible prejudice to the parties. *See Harris*, 687 F.2d at 1368.

**B. Appointment of Co-Lead Counsel**

Plaintiffs move to appoint Gainey McKenna & Egleston ("Gainey") and The Brown Law Firm, P.C. ("Brown") as Co-Lead Counsel of the consolidated action. *See* Docket No. 9 at 2. "The decision regarding appointment of Lead Counsel is within the discretion of the Court. The principle that guides the Court's decision is which counsel will best serve the interest of the [class of] plaintiffs." *Clark on Behalf of DaVita, Inc. v. Thiry*, No. 12-cv-2074-WJM-CBS, 2014 WL 4050057, at *2 (D. Colo. Jan. 7, 2014) (alterations and citation omitted). In consolidated derivative actions, courts have considered "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Richey v. Ells*, No. 12-cv-02635-WJM-MEH, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013). Courts have also considered the same criteria set forth in Fed. R. Civ. P. 23(g)(1) for selecting interim class counsel,

which includes "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *Id.*

The Court finds that appointing Gainey and Brown as Co-Lead Counsel will best serve the interests of the plaintiffs. Both firms have extensive experience serving as lead counsel in shareholder derivative actions. *See* Docket No. 9 at 6-11. Gainey and Brown have the resources to effectively serve as Co-Lead Counsel. *See id.* at 9. Both firms have independently investigated the claims underlying the respective complaints and have reviewed hundreds of pages of documents, such as SEC filings, press releases, and news reports. *See id.* at 10-11. Furthermore, Gainey and Brown "have a substantial history of working together as co-lead counsel in derivative litigations." *Id.* at 11.

Accordingly, the Court will appoint Gainey and Brown as Co-Lead Counsel.

For the foregoing reasons, it is

**ORDERED** that the Plaintiffs' Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel for Plaintiffs [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 25-cv-03413-PAB-CYC and 25-cv-03524-PAB-CYC shall be consolidated. It is further

**ORDERED** that Gainey McKenna & Egleston and The Brown Law Firm, P.C. are designated as Co-Lead Counsel. It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

---

Civil Case No. 25-cv-03413-PAB-CYC

(Consolidated with Civil Case No. 25-cv-03524-PAB-CYC)

---

Civil Case No. 25-cv-03413-PAB-CYC

BRENT CULLISON, Derivatively on Behalf of Quantum Corporation,

Plaintiff,

v.

JAMES L. LERNER, et al.,

Defendants.

---

Civil Case No. 25-cv-03524-PAB-CYC

FELICIA MARTI, Derivatively on Behalf of Quantum Corporation,

Plaintiff,

v.

JAMES L. LERNER, et al.,

Defendants.

---

DATED January 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge